## Case No. 9,094.

In re MARKS.[1]

District Court, D. New Jersey. May 29, 1877.

BANKRUPTCY—PARTNERSHIP—DISCHARGE OF PARTNER.

[Where there are no partnership assets to be collected and distributed, an individual member of a former partnership may, upon his own petition, be discharged from all his debts, both partnership and private.]

[Cited in Re Plumb, Case No. 11,231.]

[On specifications against the discharge of Charles P. Marks, a bankrupt.]

BY THE COURT. The second specification against the discharge would have been fatal, if it did not appear by the affidavit of the assignee and the report of the register that there were no assets remaining in the partnership. The applicant is one of the late firm of Marks, Palmer & Cushman. He applies for a discharge from his debts, partnership as well as personal. If there were assets of the partnership to be collected, it would be necessary to have the firm adjudicated bankrupts. and an assignee appointed to collect and distribute the same, before any individual member of the firm could be discharged. In re Little [Case No. 8,390]; In re

1 [Not previously reported.]

Bidwell [Id. 1.392]; In re Grady [Id. 5.654]. But this principle only applies to partnerships actually existing. or where there are assets belonging to the firms. In re Winkens [Id. 17.875]. Where there are no partnership assets to be collected and paid out, one member of a former partnership may, upon his individual petition, be discharged from all his debts, partnership and private. In re Abbe [Id. 4]. It is not necessary to consider the third specification. because no assent of creditors need be asked for in regard to debts contracted before January 1, 1869, and it does not appear that the bankrupt has contracted any since that date. A discharge will be granted to the bankrupt from all his debts, partnership and individual, incurred previous to January 1, 1869.